UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| RANDALL HENDERSON, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * Case No. |
| COYOTE GRILLE FAIRFAX VA, LLC | * |
| d/b/a COYOTE GRILLE; TATJANA | * |
| FARR, an individual | * |
| | * |
| Defendants. | * |
| | * |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Comes now Randall Henderson ("Mr. Henderson" or the "Plaintiff"), by and through undersigned counsel, and as and for his complaint (the "Complaint") against Coyote Grille Fairfax VA, LLC d/b/a Coyote Grille ("Coyote Grille") and Tatjana Farr ("Ms. Farr") (Coyote Grille and Ms. Farr being collectively known as the "Defendants" and each sometimes being known as a "Defendant") states as follows:

### Introduction

1. This case concerns the Defendants' failure and refusal to pay Mr. Henderson the minimum wages and employee benefit contributions to which he is legally entitled because of the Defendants' failure to abide by the Fair Labor Standards Act of 1938 as codified at Section 206, et seq. of Title 29 of the United States Code (the "FLSA") and governing laws of this Commonwealth.

2. This suit is brought to seek recourse for the Defendants' labor and employment violations that have financially impacted Mr. Henderson.



COMPLAINT AND DEMAND FOR TRIAL BY JURY - 1



**Parties**

3. Mr. Henderson is a natural person who is a citizen of the Commonwealth of Virginia by virtue of his ongoing domicile therein.

4. Coyote Grille is a Virginia limited liability company with its principle place of business being in the State of Virginia.

5. Ms. Farr is a natural person who, upon information and belief, is a citizen of the Commonwealth of Virginia by virtue of her ongoing domicile therein.

**Jurisdiction & Venue**

6. This Honorable Court enjoys jurisdiction over the matter pursuant to the allowances of Section 1331 of Title 28 of the United States Code, as the Plaintiffs allege herein, *inter alia*, a violation of the FLSA.

7. Venue is properly laid in the Honorable Court pursuant to Section 1391(b) of Title 28 of the United States Code because a substantial part of the events giving rise to the claims stated herein occurred at the Coyote Grill's property in Fairfax City, Virginia.

**General Allegations: Mr. Henderson's First Employment Period**

8. Commencing in or about 2009, Mr. Henderson was employed by Coyote Grille as a bartender, and quickly was promoted to a bartender supervisor by the Defendants.

9. Ms. Farr is the owner of Coyote Grille and managed its operations at all times relevant.

10. In or about 2013, the Defendants offered Mr. Henderson a salaried position as a bar manager for Coyote Grille.

11. The bar manager position caused for Mr. Henderson to fulfill the general manager position when the employed general manager was absent.

12. Upon Mr. Henderson's employment, all parties agreed that Mr. Henderson would receive a $2,500.00 bonus semi-annually ("Bonus Pay").

13. At no point did the Defendants ever deliver the Bonus Pay to Mr. Henderson.

14. In or about 2015, Mr. Henderson ended his employment with Coyote Grille and pursued work elsewhere.

15. Because the statute of limitations has expired for Defendants' wrongful actions towards Mr. Henderson during his First Employment Period, Mr. Henderson does not presently bring this case against the Defendants' for their actions during this time period.

16. Mr. Henderson, however, does allege the occurrence of the Defendants' wrongful actions during Mr. Henderson's First Employment Period to develop the historical timeline of Mr. Henderson's employment with the Defendants and to show the willfulness of the Defendants' conduct alleged *infra*.

**General Allegations: Mr. Henderson's Second Employment Period**

17. In or about 2018, Mr. Henderson returned to work at Coyote Grille where he was offered the salaried positions of bar manager and assistant general manager.

18. At times, Mr. Henderson's positions as bar manager and assistant general manager would require him to fulfill the duties associated with the position of general manager.

19. Upon Mr. Henderson's employment, all parties agreed that Mr. Henderson would receive a salary for compensation of his hours worked, an overtime compensation of $20.00 an hour when he worked over 35 hours in a week, and ten days of paid vacation leave per annum.

20. On a few occasions, the Defendants failed to uphold the compensation terms agreed upon at the start of Mr. Henderson's employment period.



21. During Mr. Henderson's employment period, the Defendants failed to pay Mr. Henderson for the seven days of paid vacation he was due after he only took three days of vacation.

22. For the time period of May 30, 2019 to June 9, 2019, the Defendants failed to pay Mr. Henderson his earned salary.

23. In or about 2018, Mr. Henderson endeavored to establish, through his work, a Savings Incentive Match Plan for Employees Individual Retirement Account ("SIMPLE IRA").

24. The Defendants also engaged in a pattern of failing to honor Mr. Henderson's established employee benefit plans.

25. From 2018 to 2019, Mr. Henderson contributed $1,713.17 (the "Contribution") of his salary wages into what he believed to be his SIMPLE IRA plan.

26. However, the Defendants both failed to deposit Mr. Henderson's contribution to his respective savings account and also failed to match Mr. Henderson's Contribution as agreed upon by the terms of Mr. Henderson's employment.

27. The Defendants' actions resulted in the withholding of funds entitled to Mr. Henderson, funds that Mr. Henderson has yet to receive.

28. On or about July 2019, Mr. Henderson decided to end his employment with Coyote Grille.

29. On or about July 6, 2019, Mr. Henderson asked his direct supervisor at Coyote Grille, Joshua Alexander ("Mr. Alexander"), about receiving his last check and SIMPLE IRA access information before the end of his employment.

30. As the direct supervisor of Coyote Grille, one of Mr. Alexander's duties was to manage payroll.



31. Mr. Alexander directed that Mr. Henderson reach out to Ms. Farr for his last paycheck and SIMPLE IRA access information.

32. On or about July 25, 2019, Mr. Henderson sent an email to Ms. Farr, requesting his last paycheck and SIMPLE IRA access information.

33. Ms. Farr failed to respond to Mr. Henderson's email and further failed to fulfill Mr. Henderson's requests.

34. After Mr. Henderson received silence from Ms. Farr, on July 31, 2019, Mr. Alexander suggested that Mr. Henderson directly contact ADP Payroll Services ("ADP).

35. At Mr. Alexander's direction, Mr. Henderson contacted ADP seeking his last paycheck, however, ADP informed Mr. Henderson that his paycheck could only be accessed by his employer.

36. On or about August 29, 2019, Mr. Henderson reached out to Mr. Alexander in another attempt to collect the funds he thought were in his SIMPLE IRA account.

37. However, Mr. Alexander informed Mr. Henderson that he (Mr. Alexander) was no longer employed by the Defendants and thus did not have any information regarding Mr. Henderson's funds.

38. To this day, the Defendants have yet to provide Mr. Henderson his entitled compensation: (i) salary during May 30, 2019 to June 9, 2019; (ii) one week of paid vacation; (iii) Mr. Henderson's SIMPLE IRA contribution; and (iv) Mr. Henderson's SIMPLE IRA match.

39. In total, Defendants have failed to provide Mr. Henderson several thousand dollars.



**Count I – Violation of the Fair Labor Standards Act**

40. Mr. Henderson incorporates and realleges each and every foregoing paragraph of this Complaint as though fully set forth herein.

41. As stated above, Mr. Henderson was not paid a salary for the hours he worked at Coyote Grille from May 30, 2019 to June 9, 2019.

42. During that time period, Mr. Henderson was only paid for 17.5 hours of overtime compensation at $20.00 an hour, but not a salary for this time period.

43. All parties in this action agreed that Mr. Henderson was to be paid a salary for compensation of his hours worked and an overtime compensation of $20.00 an hour when he worked over 35 hours in a week.

44. The Fair Labor Standards Act, provides, in pertinent part: "Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages."

45. Section 206 of the Fair Labor Standards Act mandates the payment of minimum wage.

46. Further, the Fair Labor Standards Act permits a claimant to recover her or his unpaid wages plus "an additional equal amount as liquidated damages," which, in essence, permits a double recovery.

47. The Fair Labor Standards Act further allows, "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."



48.     The Defendants have violated the FLSA by not paying Mr. Henderson a salary during May 30, 2019 to June 9, 2019 to which he is entitled under the foregoing allowance of the FLSA.

49.     Mr. Henderson does not fall within any of the exemptions delineated in Section 213 of Title 29 of the United States Code.

WHEREFORE, Mr. Henderson respectfully prays this Honorable Court (i) enter judgment in his favor, and against the Defendants, jointly and severally, for unpaid wages in a sum to be proven at trial; (ii) enter judgment in his favor, and against the Defendants, jointly and severally, for statutory liquidated damages equal to unpaid wages in a sum to be proven at trial; and (iii) enter judgment in his favor, and against the Defendants, jointly and severally, for attorneys' fees and the costs of litigation, pursuant to the allowances of the FLSA; and (iv) afford such other and further relief as may be just and proper.

**Count II – Violation of Section 40.1-28.10 of the Virginia Code**

50.     Mr. Henderson incorporates and realleges each and every foregoing paragraph of this Complaint as though fully set forth herein.

51.     As stated above, Mr. Henderson was not paid a salary for the hours he worked at Coyote Grille from May 30, 2019 to June 9, 2019.

52.     During that time period, Mr. Henderson was only paid for 17.5 hours of overtime compensation at $20.00 an hour, but not a salary for this time period.

53.     All parties in this action agreed that Mr. Henderson was to be paid a salary for compensation of his hours worked and an overtime compensation of $20.00 an hour when he worked over 35 hours in a week.



54. By not paying Mr. Henderson any salary for ordinary hours worked between May 30, 2019 and June 9, 2019, the Defendants failed to Mr. Henderson the prevailing minimum wage for such time period.

WHEREFORE, Mr. Henderson respectfully prays this Honorable Court (i) enter judgment in his favor, and against the Defendants, jointly and severally, for unpaid wages in a sum to be proven at trial, plus interest at the rate set forth in Section 40.1-28.12 of the Virginia Code; (ii) enter judgment in his favor, and against the Defendants, jointly and severally, for statutory liquidated damages equal to two times unpaid wages in a sum to be proven at trial, pursuant to the allowances of Section 40.1-29(J) of the Virginia Code; and (iii) enter judgment in his favor, and against the Defendants, jointly and severally, for attorneys' fees and the costs of litigation, pursuant to the allowances of Section 40.1-28.12 of the Virginia Code; and (iv) afford such other and further relief as may be just and proper.

### Count III – Violation of Section 40.1-29 of the Virginia Code

55. Mr. Henderson incorporates and realleges each and every foregoing paragraph of this Complaint as though fully set forth herein.

56. On or about 2018, Mr. Henderson established a SIMPLE IRA employee benefit plan through Coyote Grill, to contribute a percentage of his salary to his retirement savings.

57. As stated above, from 2018 through 2019, Mr. Henderson contributed a total of $1,713.17 to his SIMPLE IRA plan, with the Defendants being obligated to match his contribution.

58. Following the making of Mr. Henderson's contribution, the Defendants mishandled Mr. Henderson's contribution and SIMPLE IRA plan by placing the contribution in an account that did not belong to Mr. Henderson.



59. Further, the Defendants withheld these funds legally owed to Mr. Henderson by failing and refusing to deliver these funds to Mr. Henderson.

60. Despite multiple requests by Mr. Henderson, the Defendants have failed to match Mr. Henderson's contribution and deliver the SIMPLE IRA funds to which he is legally due.

WHEREFORE, Mr. Henderson respectfully prays this Honorable Court (i) enter judgment in his favor, and against the Defendants, jointly and severally, for unpaid wages in a sum to be proven at trial, plus interest at the rate set forth in Section 40.1-29(G) of the Virginia Code; (ii) enter judgment in his favor, and against the Defendants, jointly and severally, for statutory liquidated damages equal to two times unpaid wages in a sum to be proven at trial, pursuant to the allowances of Section 40.1-29(J) of the Virginia Code; and (iii) enter judgment in his favor, and against the Defendants, jointly and severally, for attorneys' fees and the costs of litigation, pursuant to the allowances of Section 40.1-29(J) of the Virginia Code; and (iv) afford such other and further relief as may be just and proper

### Jury Demand

Pursuant to, and in accordance with, the allowances of Federal Rule of Civil Procedure 38, Mr. Henderson prays a trial by jury on all matters so triable.

Respectfully submitted,

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. 81556
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Telephone: 301-444-4600
Facsimile: 301-444-4600
Electronic Mail: mac@mbvesq.com
*Counsel for Mr. Henderson*

